Dear Mr. Riley:
Your request for an Attorney General opinion has been forwarded to me for research and reply. In particular, you have asked the following questions:
 1. Is it the responsibility of the Police Jury to pay for the cost of juveniles placed in detention?
 2. May Criminal Court funds be used pay the cost of detention? Are there any other funds available to the District Attorney's office and/or the Police Jury?
The issue as to whom is obligated to pay for the cost of juvenile detention pending court adjudication is addressed in Attorney General Opinion No. 81-411-A. The author of this opinion concluded that it is the parish governing authority that is responsible for the cost incurred. In 1991, the legislature passed several statutes that support this conclusion. LSA-R.S.15:1099.6 et seq. makes it the responsibility of the parish governing authority to form participation agreements with other parish governing authorities having youth centers. Such agreements allow youth offenders from a participating parish to be housed and cared for in an out-of-parish facility. The Police Jury, as governing authority of the participating parish, has the responsibility of paying the costs incurred for the detention of youth offenders in the out-of-parish facility.
Attorney General Opinion No. 91-425 states that as a result of this responsibility being placed upon the participating parish, the parish general fund is obligated to pay the expenses of juvenile detention. Since it is not the responsibility of the courts to pay these costs, the Criminal Court Fund may not be used. However, subsequent to the release of these Attorney General Opinions, the legislature enacted LSA-R.S. 15:1099.7. This statute enumerates how the participating parish is to finance the costs incurred when that parish houses juveniles in a youth center located in another parish pursuant to their participation agreement. The participating parish shall appropriate an amount annually which will cover the expenses owed pursuant to the participation agreement.
A tax may be levied in order to finance the housing of the youth offenders. LSA-R.S. 15:1099.7(C). This tax cannot exceed a period of twenty years and is not to be in excess of one million dollars annually. Popular vote is not necessary to levy this tax, however the issue must be presented at a public hearing and passed by a two-thirds vote of the membership of the parish governing authority. An additional tax may be levied, nonetheless, the tax may not exceed two million dollars per year, nor surpass a twenty year period. However, this tax, in addition to the requirements of the first tax, must pass public vote in an election.
Therefore, it is the opinion of the Attorney General that the Police Jury of Jefferson Davis Parish, as the governing authority, is responsible to pay for the costs incurred by placement of juveniles in detention. Further, the parish general fund is obligated to pay for these expenses, not the Criminal Court Fund. However, the legislature has authorized the parish governing authority to levy taxes in order to provide the funds necessary to pay for juvenile detention.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
RICHARD P. IEYOUB
 BY: ___________________________ Jennifer H. Culotta Assistant Attorney General
RECEIVED: 5-28-96 RELEASED: July 26, 1996
JENNIFER H. CULOTTA Assistant Attorney General